McKinley Truein Brown III / T116830
Name and Prisoner/Booking Number

Lower Buckeye Jail
Place of Confinement

3250 W. Lower Buckeye Rd.
Mailing Address

Phoenix, AZ, 85009
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

```
_____
|  ✓ FILED        ___ LODGED           |
|  ___ RECEIVED   ___ COPY             |
|                                      |
|        JUL 0 3 2017                   |
|                                      |
|   CLERK U S DISTRICT COURT           |
|   DISTRICT OF ARIZONA                |
|   BY        NO         DEPUTY        |
|_____|
```

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

MCKINLEY TRUEIN BROWN, III,                )
(Full Name of Plaintiff)      Plaintiff,   )
                                           )
            vs.                            )   CASE NO. 2:17cv1182-DJH-ESW
MARICOPA COUNTY SHERIFF OFFICE             )   (To be supplied by the Clerk)
(1) EMPLOYEE HERREVA - A8226,              )
(Full Name of Defendant)                   )
MARICOPA COUNTY SHERIFF OFFICE             )
(2) EMPLOYEE MICHAEL ANDERSON-B3722        )
                                           )   **CIVIL RIGHTS COMPLAINT**
(3) _____, )   **BY A PRISONER**
                                           )
(4) _____, )   ☐ Original Complaint
            Defendant(s).                  )   ☒ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

                                               — Jury Trial Demanded —

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    ☐ Other: _____

2.  Institution/city where violation occurred: Lower Buckeye Jail / Phoenix

Revised 3/9/07                          1                          **550/555**

## B. DEFENDANTS

1. Name of first Defendant: _Herreva - A8226_. The first Defendant is employed as:
_Acting, Chaplain Supervisor_ at Mar _Durango Jail_.
(Position and Title)                          (Institution)

2. Name of second Defendant: _MICHEAL ANDERSON-B5722_. The second Defendant is employed as:
_Chaplain_ at _Lower Buckeye Jail_.
(Position and Title)                          (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as:
_____ at _____.
(Position and Title)                          (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____ at _____.
(Position and Title)                          (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?    ☒ Yes    ☐ No

2. If yes, how many lawsuits have you filed? _2_. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _McKinley Trueln Brown III_ v. _April marie Brown_
      2. Court and case number: _Superior Court for Maricopa County CV-2016-015392_
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _For as I Know It's still pending._

   b. Second prior lawsuit:
      1. Parties: _McKinley Trueln Brown III_ v. _Maricopa County Sheriff Office et al._
      2. Court and case number: _U.S. District Court Arizona 2:17cv01009-DJH-ESW._
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Pending_

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: <u>U.S.C.A. Const. Amend. I.</u>

2. **Count I.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☒ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1) Without justification reasonably-related to legitament penological interest, Brown's First-Amendment Right established by the Free-Exercise Clause was substantially Burdened and defendant's interfered with Brown's freedom to believe, to express himself in accordance with the dictates of his own conscience.

   2) Maricopa County Sheriff Office (MCSO) employee's A8226 (Herrera) and B3722 (Micheal Anderson) are the violaters in this count.

   3) The facts to support Brown's claim are as follows:
   (A) On 2-10-17 Brown initiated through Inmate Request Form (IRF) correspondence with MCSO Chaplain "seeking the Jewish diet on April 10 through April 17 for the Passover and Feast of Unleavened Bread"
   (B) Brown was given a questionaire on 3/14/17 to explain his beliefs. The same day Brown attached questionaire describing his beliefs and that of his church, also his church URL (www.ucg.org) to an IRF addressed to MSCO Chaplain. Also, Brown requested to talk with a Rabbi.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   1) During the Course of the Passover and Feast of Unleavened Bread the Defendant's did not Change Brown's diet to that of a non-leavened diet. Thus, Brown meals come with leavened Bread. In the morning of 4-10-17-to-.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

COUNT I.      Supporting Facts

(C) Come 3-23-17 having not received a responds from his 3-14-17 IRF and questionaire, Brown submitted another IRF "to see if [he would] be getting the unleaven diet April 10th through April 17 for the Unleavened Feast".

(D) On 4-3-17 Brown, still haven't received a responds from mcso chaplain, submitted yet another IRF, "I write because I still haven't heard anything back about my diet from 4/10 to 4/17 of unleavened bread. The feast is very close and I'm worried that I won't be able to keep it without the unnecessary hardship. I honored it last year and my beliefs and the beliefs of my church have not changed I can prove my association with the church if necessary. The United Church of God... Keep Gods Laws."

(E) Brown received a responds from chaplain on 4-5-17 in regards to his 4-3-17 IRF, the Chaplain thus stated "The regular food diet (you NOW receive) meets all the requirements for food preparation as stated in the Jewish Scriptures... The rabbi or chaplain supervisor will reply promptly with a form requesting pertinent information related to our "Kosher program. Upon your returning this form, we will follow-up on your request". The form in which was referenced in this reply was indeed the same form Brown submitted on 3-14-17.

(F) Brown responded to Chaplains 4-5-17 responds via IRF with the following statement, "The Questionaire attached to this Form I have allready filled out. I have told the Chapla[i]n that my church honor God's Feast. And being that mcso don't take leaven out of it's meals during this holy day's I do require the Kosher diet

3 - A

COUNT I.                    Supporting Facts

for the feast. I'm not requesting a permanent diet change just for the feast THAT START 4/9 evening!!! We have a right to religion and this office is the only place that will issue the diet, I've told you that I have THE PROOF of my church belief. Will you deny me my religious practices because I'm Christian!!? With this IRF Brown attached the questionaire and documentation of his association with his church and proof of him partaking in the Passover and Unleavened Bread Feast the year prior.

(G) On 4-9-17 Brown did not receive his requested diet nor had he receive a responds to his 4-6-17 IRF, Questionaire or documentation, contradicting the chaplain's statement from 4-5-17 that "Upon your returning this form, we will follow up on your request", Thus, Brown initiated grievance # 2017-103411 expressing:

 (i) his request for a Kosher diet from 4/9 evening to 4/17 evening;

 (ii) practicing these feast is mandated by his religion preference, and a fundemental belief of his church;

 (iii) provided a third-party source to prove and confirm his belief's and the belief's of his church, www.ucg.org;

 (iv) and claims that the chaplain was violating his right to practice, Therefore, sought for a resolution that his diet be changed for the remainder of the feast.

(H) On 4-11-17 MCSO Employee B3722 talked to Brown regarding his grievance in which Brown express, In length his beliefs in regards to the Passover and Feast of Unleavened Bread. B3722

3-B

COUNT I.                    Supporting Facts

stated that A8226 directed him to research Brown beliefs, and through URL provided by Brown, that he confirmed the beliefs of his faith as bona fide. But, however, due to conflicts of his own beliefs and their Ordinance pertaining to Kosher meals, that Brown could not have his diet changed, "Talked with Inmate about Christian and Jewish belief due Holy week Kosher diet is more for a Jewish belief and Not christian, Christian do celebrate Passover (and I Holy week because the example of Jesus Jewish Celebrate Passover. Inmate choose to forward Grievance."

4.) Brown therefore allege that the actions and inactions of the defendants in this claim, were in violation of the First Amendment in regard to his rights in:

    (A) Establishment Clause:
        (i) Defendant's choose to intervene and single
            out those of the Jewish faith religion sect
            for special treatment.

    (B) Free Exercise Clause:
        (i) Brown request for religious accomidations was in
            in Cordinance with his church's, The United Church of
        (ii) God an International Association,
        (ii) Defendant's never questioned Brown's sincerety,
            confirmed his belief, was provided documentation
            of Brown's observance of the Passover and
            Unleavened Bread Feast the year Prior, and was
            Provided with documentation of his association

3-C

COUNT I                    Supporting Facts

with the United Church of God an Inter-
national Association;

(iii) Defendant's was of Knowledge that the
Passover and Unleavened Bread Feast requires
the participant to eat Unleavened Bread for
eight days, but denied Brown requests for
Sacramental Bread;

(iv) Defendant's denial of Browns request was not
due to Justification reasonably-related to
legitimate penological interest but because
of their conflicts with his beliefs, "Holy week
Kosher diet is more for Jewish belief and not
Christian...", thus burdening and preventing him
from Keeping his practices, without any justification;

(v) Brown 3-14-17 request to consult a rabbi
was not permitted, he was seen by no-one up to 4-11-17.


5.) Brown therefore allege that defendants acted under
color of state law in violating his First Amendment
civil Rights.

COUNT I.                    Injuries

4-17-17 Brown was only able to eat three eggs or cheese sticks with an orange. Brown could not eat from the dinner trays during 4-9-17-17 to 4-17-17-17 because the bread was leavened and un-covered contaminating the whole tray. In respects to this malnourishment Brown claims the following injuries:

    (A) Physical Pain due to extreme mindgrains, and stomach pains, a result of extreme hunger, in which Brown had to be medicated.

    (B) Extraordinary dizziness, energy deprivation, sluggishness, and the lost of the ability to operate his body and mind functionailly in order to perform on his duties as a Pro-Per Inmate.


2.) Defendants unlawfully invalidated Brown beliefs and prohibited him his annual practice, prohibiting him from connecting and dedicating himself to his God in the way in which his Scriptural Book mandates. Also, defendants force Brown with the ultimatum of suffering or abandon-ing/altering his beliefs, and for this he claims injuries of:

    (A) Emotional destress;

    (B) Psychological disturbance;

    (C) Mental anguish.

3-E

## COUNT II

1. State the constitutional or other federal civil right that was violated: Religious Land use and Institutionalized Persons Act of 2000, § 3, 42 U.S.C.A. § 2000cc-1. (RLUIPA.)

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☒ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1.) Brown, an inmate confined to the Institution Lower Buckeye Jail in Phoenix, Arizona, was substantially burdened on his religion exercise by defendants in violation of RLUIPA, 42 U.S.C.A. § 2000cc-1, without compelling governmental interest.

   2.) Maricopa County Sheriff office (mcso) Employee A8226 (Herrera), and MCSO Employee B3722 were the violaters of the RLUIPA statute.

   3.) The facts to support Brown's claim are as follows:
   (A) On 2-10-17 Brown initiated through Inmate Request Form (IRF) correspondence with MCSO Chaplain "seeking the Jewish diet on April 10 through April 17 for the Passover and Feast of Unleavened Bread;"
   (B) Brown was given a questionaire on 3-14-17 to explain his belief. The same day Brown attached questionaire describing his beliefs and that of his church, also his church URL (www.ucg.org) to on IRF addressed to mcso chaplain. Also Brown requested to talk with a Rabbi.
   (C) Come 3-23-17 having not received a responds from his 3-14-17 IRF and questionaire, Brown submitted another IRF "to see if [he would]'l be.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   1.) During the course of the Passover and Feast of Unleavened Bread the Defendant's did not change Brown's diet to that of a non-leavened diet. Thus, Brown meals came with leavened Bread. In the morning of 4-10-17 to-

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count II?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

   _____

4

COUNT II.          Supporting Facts

getting the unleaven died April 10th through April 17 for the
Unleavenreld Feast".

   (D) On 4-3-17 Brown, still haven't received a responds from
mcso chaplain, Submitted yet another IRF, "I write because I
still haven't heard anything back about my diet from 4/10 to
4/17 of unleavened bread. The feast is very close and I'm
worried that I won't be able to Keep It without the unneces-
sary hardship. I honored it last year and my beliefs and the
beliefs of my church have not Changed. I can prove my asso-
ciation with the church if necessary. The United Church of
God ... Keep God's Law's".

   (E) Brown received a responds from chaplain on 4-5-17 in
regards to his 4-3-17 IRF, the Chaplain thus stated "The regular
food diet (you Now receive) meets all the requirements for food
preparation as stated in the Jewish Scriptures ... The rabbi
or chaplain supervisor will reply promptly with a form re-
questing pertinent information related to our "Kosher program.
Upon your returning this form, we will follow-up on your
request" The Form In which was referenced in this reply was
Indeed the Same Form Brown Submitted on 3-14-17.

   (F) Brown responded to Chaplains 4-5-17 responds via IRF
with the following statement, "The Questionaire attached to this
Form I have already filled out. I have told the chaplain
that my church honor God's Feast. And being that MCSO don't
take leaven out of it's meals during [these] holy day's I do
require the Kosher diet for the feast. I'm not requesting a
permanent diet Change just for the feast THAT START 4/9

4-A

COUNT II.          Supporting Facts

evening !!! we have a right to religion and this office is the
only place that will issue the diet. I've told you that I have
THE PROOF of my church belief, will you deny me my religious
practice because I'm Christian!!?" With this IRF Brown attached
the questionaire and documentation of his association with
his church and proof of him partaking in the Passover and
Unleavened Bread Feast the year prior.

(G) On 4-9-17 Brown did not receive his requested diet nor had
he received a responds to his 4-6-17 IRF, Questionaire or docu-
mentation, contradicting the Chaplain statement from 4-5-17
that "upon your returning this form, we will follow-up on your
request", thus, Brown initiated grievance # 2017-10341, expressing:
    (i) His request for a Kosher diet from 4/9 evening to
        4/17 evening;
    (ii) practicing these feast is mandated by his religion
        preference, and a fundemental belief of his church;
    (iii) provided a third-party source to prove and confirm
        his beliefs and the belief's of his church, www.ucg.org;
    (iv) and claims that the Chaplain was violating his right
        to practice. Therefore, sought for a resolution that his
        diet be changed for the remainder of the feast.
    (H) On 4-11-17 MCSO Employee B3722 talked to Brown regarding
his grievance in which Brown express in length his beliefs in
regards to the Passover and Feast of Unleavened Bread. B3722
stated that A8226 directed him to research Brown beliefs, and
through URL provided by Brown, that he confirmed the beliefs
of his faith as bona fide. But, however, due to conflicts of his own

4 - B

COUNT II.        Supporting Facts

beliefs and their Ordinance pretaining to Kosher meals, that Brown could not have his diet changed, "Talked with Inmate about Christian and Jewish belief due Holy week Kosher diet is more for a Jewish belief and Not Christian. Christian do Celebrate Passover [and] Holy week because the example of Jesus Jewish Celebrate Passover, Inmate choose to forward Grievance."

4.) Brown's state's that this Statutory Claim is brought due to the actions and inactions of defendants in:

(A) Defendant's had control over whether Brown's diet would change to comply with his religious practices.

(B) Defendant's had the knowledge that Brown's beliefs was sincere and a of a bona fide faith;

(c) Defendant's denied and substantially burden Brown's exercise without a compelling government interest, for It is known that other inmates at Lower Buckeye Jail both Jewish and Muslims, do received accomidated diets on their appointed spiritual observance, Thus, defendant's failed to administer neutrally among different faiths.

(D) Defendant's denied Brown's from participating in Sacramental use of bread. Brown was unable to freely attend to his religious need therefore, depended on defendant's to accommodate him in his practice.

(E) Defendant's differentiated by their term of a bona fide faith and chose to accomidate only "traditionall

4-C

COUNT II.                Supporting Facts

    "reconized" religions.

(F) Due to "conduct mandated by [Brown's] beliefs" he
was significantly pressured to modify his behavior
and abandon and/or alter his beliefs.

5.) Brown therefore allege that defendants acted under
color of state law in violating RLUIPA Section 3ᵇ

4-D

COUNT II                    Injuries

4-17-17 Brown was only able to eat three eggs or cheese sticks with an orange. Brown could not eat from the dinner tray during 4-9-17-to-4-10-17 because the bread was leavened and uncovered contaminating the whole tray. In respects to this malnourishment Brown claims the following injuries:

    (A) Physical pain due to extreme mindgrains, and stomach pains, a result of extreme hunger, in which Brown had to be medicated.

    (B) Extraordinary dizziness, energy deprivation, sluggishness, and the lost of the ability to operate his body and mind functionally in order to perform on his duties as a Pro-Per Inmate.

2.) Defendants, while permenting other religions practices, unlawfully invalidated Browns belief and prohibited him his annual practice, prohibiting him from connecting spiritually and dedicating himself to his God in the way in which his scriptural book mandates. Also, defendant's force Brown with the ultimatum of suffering or abandoning/altering his beliefs, and for this he claims injuries of:

    (A) Emotional destress;

    (B) Psychological disturbance;

    (c) Mental anguish.

4-E

## COUNT III

1. State the constitutional or other federal civil right that was violated: _U.S.C.A. Const. Amend. XIV._

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☒ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1.) On dates 4-9-17 -to- 4-17-17, Brown sought to exercise his privileges as a citizen of the United States to persue life and liberty under the Fourteenth Amendment. The defendants abridge these privileges, denying him his right to life and liberty, and equal protection in violation of the Fourteenth Amendment, also denying him freedom of conscience.

   2.) Maricopa County Sheriff Office (MCSO) Employee A8776 (Herrera), and MCSO Employee B3722 were the violaters of Brown's Right.

   3.) The facts to support Brown's claim are as follows:
   (A) On 2-10-17 Brown initiated through Inmate Request Form (IRF) correspondence with MCSO chaplain "seeking the Jewish diet on April 10 through April 17 for the Passover and Feast of Unleavened Bread".
   (B) Brown was given a questionaire on 3-14-17 to explain his belief. The same day Brown attached questionaire describing his beliefs and that of his church, also his church URL (www.ucg.org) to an IRF addressed to MCSO chaplain. Also,

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   1.) During the course of the Passover and Feast of Unleavened Bread the Defendant's did not change Brown's diet to that of a non-leavened diet. Thus, Brown meals came with leavened Bread. In the morning of ___

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count III?  ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?  ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

5

COUNT III              Supporting Facts

Brown requested to talk with a Rabbi.

(C) Come 3-23-17 having not received a responds from his 3-14-17 IRF and questionaire, Brown Submitted another IRF "to see if [he would] be getting the unleaven diet April 10th through April 17 for the Unkevented Feast"

(D) On 4-3-17 Brown, Still haven't received a responds from MCSO Chaplain, submitted yet another IRF, "I write because I still haven't heard anything back about my diet from 4/10 to 4/17 of Unleavened bread. The Feast is very close and I'm worried that I won't be able to Keep it without the unnecessary hardship. I honored it last year and my beliefs and the beliefs of my church have not changed. I can prove my association with the Church if necessary. The United Church of God... Keep Gods Laws."

(E) Brown received a responds from chaplain on 4-5-17 In regards to his 4-3-17 IRF, the Chaplain thus stated "The regular food diet (you Now receive) meets all the requirements for food preparation as stated in the Jewish Scriptures... The rabbi or chaplain Supervisor will reply promptly with a form requesting pertinent information related to our "Kosher program" upon your returning this form, we will follow-up on your request" The Form In which was referenced in this reply was Indeed the same Form Brown submitted on 3-14-17.

(F) Brown responded to chaplains 4-5-17 responds via IRF with the following statement, "The Questionaire attached to this Form I have already filled out. I have told the chaplain that my church honor God's Feast. And being that MSCO don't take leaven out of it's meals during this holy day's I do require the

5-A

COUNT II                    Supporting Facts

Kosher diet for the feast. I'm not requesting a permanent diet change just for the feast THAT START 4/9 evening!!! we have a right to religion and this office is the only place that will issue the diet. I've told you that I have THE PROOF of my church beliefs will you deny me my religious practices because I'm Christian!!! With this TRF Brown attached the questionaire and documentation of his association with his church and proof of him partaking in the Passover and Unleavened Bread Feast the year prior.

   (G) On 4-9-17 Brown did not recrive his requested diet nor had he receive a responds to his 4-6-17 TRF, Questionaire or documentation, Contradicting the chaplain statement from 4-5-17 that "upon your returning this form, we will follow-up on your request." Thus, Brown initiated grievance # 2017-103411 expressing:

      (i) his request for a Kosher diet from 4/9 evening to 4/17 evening;

      (ii) practicing these feast is mandated by his religion preference; and a fundamental belief of his church;

      (iii) provided a third-party source to prove and confirm his beliefs and the beliefs of his church, www.ucg.org

      (iv) and claims that chaplain was violating his right to practice, therefore, Sought for a resolution that his diet be changed for his remainder of the feast.

   (H) On 4-11-17 MCSO Employee B3722 talked to Brown regarding his grievance in which Brown express in length his beliefs in regards to the Passover and Feast of Unleavened Bread. B3722

5-B

COUNT III                    Supporting Facts

stated that A8226 directed him to research Brown' beliefs,
and through URL provided by Brown, that he confirmed the
beliefs of his faith as bona fide. But however, due to conflicts
of his own beliefs and their Ordinance pertaining to Kosher
meals that Brown could not have his diet changed, "Talked
with Inmate about Christian and Jewish belief due Holy Week
Kosher diet is more for a Jewish belief and Not Christian.
Christian do celebrate Passover [and] Holy Week because
the example of Jesus Jewish Celebrate Passover, Inmate
Choose to forward Grievance."

4) Brown therefore allege that the actions and inactions of the
defendant's Violated Brown's Fourteenth Amendment Rights in:
    (A) Defendant's abridge on Brown's priviliges as a citizen
of the United States in denying him his Freedom of Religious
Practice right given by the First Amendment
    (B) Defendant's denied Brown his persuit of:
        (i) Life, Brown was not permitted to live life as
            he sought best and that were given to him
            by his Higher Power;
        (ii) Liberty, Brown was denied the liberty to religion
            and conscience in denying him his practices;
        (iii) Equal Protection, Other inmates under other faiths
            are permitted to partake in sacramental Food
            rituals, but Brown was unlawfully denied.

5.) Brown therefore allege that defendants acted under color
                    5-C

COUNT III                    Supporting Facts

of state law in violation his Fourteenth Amendment

Civil Rights.

COUNT III                    Injuries

4-10-17-to-4-17-17 Brown was only able to eat three eggs or
cheese sticks with an orange. Brown could not eat from the
dinner trays during 4-9-17-to-4-17-17 because the bread was
leavened and uncovered. contaminating the whole tray. In
respect to this malnourishment Brown claims the following
injuries:

   (A) Physical Pain due to the extreme mindgrains, and
        stomach pains, a result of extreme hunger in which
        Brown had to be medicated.

   (B) Extraordinary dizziness, energy deprivation, sluggishness,
        and the lost of the ability to operate his body and mind
        functionally in order to perform on his duties as a
        Pro-Per Inmate.


2) Defendant's unlawfully invalidated Brown beliefs and
prohibited him his annual practice, prohibiting him from con-
necting and dedicating himself to his God in the way in
which his Scriptural Book mandates. Also, defendant's
force Brown with the ultimatum of suffering or abandon-
ing/altering his beliefs, and for this he claims injuries of:

      (A) Emotional destress;

      (B) Psychological disturbance;

      (C) Mental anguish.

5-E

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

1) Count I, Plaintiff seeks monetary relief of Twenty-five Thousand dollars and no ($25,000); 2.) Count II, plaintiff seeks monetary relief of Twenty-five Thousand dollars and no ($25,000); 3.) Count III, Plaintiff seeks monetary relief of Twenty-five Thousand dollars and no ($25,000); 4.) Plaintiff seeks medical reimbursement of five dollars ($500); 5.) Plaintiff seeks for defendants to pay all court fees.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  6-21-17

_____
DATE

_____
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

# MARICOPA COUNTY SHERIFF'S OFFICE
## PAUL PENZONE, SHERIFF

# <u>CERTIFICATION</u>

I hereby certify that on this date _____ **JUNE 29, 2017** _____

I mailed the original and one (1) copy to the Clerk of the United States District Court, District of Arizona.

I further certify that copies of the original have been forwarded to:

√ Hon _____ United States District Court, District of Arizona.

___ Hon _____ United States District Court, District of Arizona.

___ Attorney General, State of Arizona, _____

___ Judge _____ Superior Court, Maricopa County, State of Arizona.

___ County Attorney, Maricopa County, State of Arizona _____

___ Public Defender, Maricopa County, State of Arizona _____

___ Attorney _____

___ Other _____

___ _____

___ _____

_____    B1255
Legal Support Specialist Signature    S/N

INMATE LEGAL SERVICES
Maricopa County Sheriff's Office
3250 W. Lower Buckeye Rd.
Phoenix, AZ 85009